Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SLOATMAN III, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GENESIS PRINTING, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant(s). | Case No: 2:16-cv-07159-JFW-RAO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 *et seq.*]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JOHN SLOATMAN III ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

**FIRST AMENDED CLASS ACTION COMPLAINT**
-1-

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of GENESIS PRINTING ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and state of incorporation in California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant is subject to personal jurisdiction in the county of Los Angeles, State of California.

## PARTIES

4. Plaintiff, JOHN SLOATMAN III ("Plaintiff"), is a natural person residing in Studio City, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, GENESIS PRINTING ("Defendant") is a company in the business of providing printing services, and is a "person" as defined by *47 U.S.C.*

*§ 153 (39).*

6. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning in or around June of 2016, Defendant contacted Plaintiff on Plaintiff's cellular telephone number ending in -0244, in an attempt to solicit Plaintiff to purchase Defendant's services.

9. Plaintiff's cellular telephone number ending in -0244 was added to the National Do-Not-Call Registry prior to Defendant's phone calls.

10. Defendant contacted or attempted to contact Plaintiff from telephone numbers including (323) 965-7601.

11. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Such calls constitute solicitation calls pursuant to *47 C.F.R. § 64.1200(c)(2)*, as they were an attempt to promote or sell Defendant's services.

13. Plaintiff did not have an established business relationship with

Defendant during the time of the solicitation calls from Defendant.

14. Plaintiff did not give Defendant prior express written consent for Defendant to call Plaintiff's cellular telephone for marketing or solicitation purposes.

15. Plaintiff requested for Defendant to stop calling Plaintiff during one of the initial calls from Defendant, thus revoking any prior express consent that had existed and terminating any established business relationship that had existed, as defined under *16 C.F.R. 310.4(b)(1)(iii)(B)*.

16. Despite this, Defendant continued to call Plaintiff in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

17. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to sell or solicit its business services.

18. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

19. Upon information and belief, and based on Plaintiff's experiences of being called by Defendant after requesting they stop calling, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under *47 U.S.C. §§ 227(b)(1)(A) & (c)(5)*.

## CLASS ALLEGATIONS

20. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship,

**FIRST AMENDED CLASS ACTION COMPLAINT**

> who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

21. The class concerning the National Do-Not-Call violation following revocation of consent and prior business relationship, to the extent they existed (hereafter "The DNC Revocation Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of the complaint.

22. Plaintiff also represents the class of those autodialed on their cellular telephones without first providing consent to Defendant as the class ("The Autodialer Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

23. Plaintiff represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of this Complaint.

24. Plaintiff represents, and is a member of, The DNC Revocation Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, after

having revoked consent and any prior established business relationship, within any twelve-month period, within four years prior to the filing of this Complaint.

25. Plaintiff represents, and is a member of, The Autodialer Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

26. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Class's members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27. Each Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of each Class' members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that each Class includes thousands of members. Plaintiff alleges that all Class members may be ascertained by the records maintained by Defendant.

28. Plaintiff and members of The DNC Class and DNC Revocation Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and DNC Class and DNC Revocation Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class and DNC Revocation Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class and DNC Revocation Class members were damaged thereby.

29. Plaintiff and members of The Autodialer Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Autodialer Class members via their cellular telephones thereby

causing Plaintiff and Autodialer Class members to incur certain charges or reduced telephone time for which Plaintiff and Autodialer Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Autodialer Class members.

30. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

    b. Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

    c. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

31. As a person who received solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff is asserting

claims that are typical of the DNC Class.

32. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Revocation Class. These common legal and factual questions, which do not vary between DNC Revocation Class members, and which may be determined without reference to the individual circumstances of any DNC Revocation Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had revoked any prior express consent and any established business relationship with Defendant;

    b. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

33. As a person who received solicitation calls from Defendant within a 12-month period, who, to the extent one existed, had revoked any prior express consent and any established business relationship with Defendant, Plaintiff is asserting claims that are typical of the DNC Revocation Class.

34. Common questions of fact and law exist as to all members of The Autodialer Class which predominate over any questions affecting only individual members of The Autodialer Class. These common legal and factual questions, which do not vary between Autodialer Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this

**FIRST AMENDED CLASS ACTION COMPLAINT**
-8-

           Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to an Autodialer Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiff and the Autodialer Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

35.    As a person who received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Autodialer Class.

36.    Plaintiff will fairly and adequately protect the interests of the members of each Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37.    A class action is superior to other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of each Class' members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court

system, and protects the rights of each Class' members.

38. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

39. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §§ 227(b) & (c)**

**On Behalf of the DNC Class, the DNC Revocation Class, and the Autodialer Class**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. §§ 227(b) & (c)*, and in particular *47 U.S.C. §§ 227 (b)(1)(A) & (c)(5)*.

42. As a result of Defendant's negligent violations of *47 U.S.C. §§ 227(b) & (c)*, Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §§ 227(b)(3)(B) & (c)(5)(B)*.

43. Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future. *47 U.S.C. §§ 227(b)(3)(A) & (c)(5)(A)*.

## SECOND CAUSE OF ACTION

---

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §§ 227(b) & (c)**

**On Behalf of the DNC Class, the DNC Revocation Class, and the Autodialer Class**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. §§ 227(b) & (c)*, in particular *47 U.S.C. §§ 227 (b)(1)(A) & (c)(5)*.

46. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. §§ 227(b) & (c)*, Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §§ 227(b)(3)(C) & (c)(5)(C)*.

47. Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future. *47 U.S.C. §§ 227(b)(3)(A) & (c)(5)(A)*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §§ 227(b) & (c)**

- As a result of Defendant's negligent violations of *47 U.S.C. §§ 227(b) (c),* Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47*

*U.S.C. §§ 227(b)(3)(B) & (c)(5)(B).*

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §§ 227(b) & (c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §§ 227(b) & (c)*, Plaintiff and the DNC Class, the DNC Revocation Class, and the Autodialer Class Members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §§ 227(b)(3)(C) & (c)(5)(C)*.

- Any and all other relief that the Court deems just and proper.

48. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 14th Day of April, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

**FIRST AMENDED CLASS ACTION COMPLAINT**
-12-